**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------x
MICHAEL SCHMELZER                         :
                  Plaintiff,              :
         -against-                        :    1:05-cv-10307  (JFK)
                                          :    Memorandum Opinion &
HILTON HOTELS CORPORATION AND VALEO,      :    Order
INC.,                                     :
                  Defendants.             :
-----------------------------------------x
```

**JOHN F. KEENAN, United States District Judge**:

In this product liability action based on the Court's diversity jurisdiction, Defendants Valeo, Inc. ("Valeo") and Hilton Hotels Corporation ("Hilton") seek an order for apportionment of liability pursuant to N.Y. C.P.L.R. § 1601(1) based on the allegedly culpable conduct of Hoarder Plastic Industrial Co., LTD ("Hoarder"). The parties agree that Hoarder is a corporation with its headquarters and operations in China and the manufacturer of the exercise ball alleged by Plaintiff to be defective. Defendants claim that Plaintiff has failed to exercise due diligence to obtain jurisdiction over Hoarder, thus entitling them, under § 1601(1), to have Hoarder's culpability considered in the apportionment of liability in the event that damages are assessed for non-economic loss. For the reasons stated below, the Defendants' application is denied.

1

N.Y. C.P.L.R. § 1601(1) modifies the common law rule that each joint tortfeasor is jointly and severally liable for the full extent of the plaintiff's damages.  It states that, in a personal injury action involving two or more joint tortfeasors, any defendant found to be 50% or less at fault cannot be forced to pay more than his "equitable share" of the plaintiff's non-economic loss. N.Y. C.P.L.R. § 1601 (McKinney's 2006).  The purpose of § 1601 was to address the inequity which results when "the disparity between minor fault and major financial punishment becomes extreme." Robinson v. June, 637 N.Y.S.2d 1018, 1022 (N.Y. Sup. Ct. 1996).

At issue in this case is the first proviso of § 1601(1), which states that "the culpable conduct of any person not a party to the action shall not be considered in determining any equitable share herein if the claimant proves that with <u>due diligence he or she was unable to obtain jurisdiction over such person in said action</u>." N.Y. C.P.L.R. § 1601 (McKinney's 2006) (emphasis added).  In a 1991 case, In re Brooklyn Navy Yard Asbestos Litigation, 971 F.2d. 831, 846 (2d Cir. 1991), the Court of Appeals for the Second Circuit interpreted "jurisdiction" to mean "effective jurisdiction."  The Court there held that the culpability of nonparty tortfeasors who are in bankruptcy proceedings is not considered in apportioning liability under § 1601(1), because the automatic stay prevents plaintiffs from

2

obtaining "effective jurisdiction" over the bankrupt nonparty. In addition, a plaintiff cannot obtain jurisdiction over a culpable nonparty in an action where the joinder of such nonparty would destroy diversity jurisdiction.  <u>In re Eastern and Southern Districts Asbestos Litigation</u>, 772 F. Supp. 1380, 1405 (S.D.N.Y. 1991) (Weinstein, J.) ("In calculating shares for purposes of Article 16, percentages of fault attributed by the jury to nondiverse and bankrupt parties over whom the plaintiffs could not with due diligence have obtained jurisdiction in the federal court, including parties in bankruptcy and nondiverse defendants, are excluded."); <u>see also</u> <u>Da Cruz v. Towmasters of New Jersey, Inc.</u>, 217 F.R.D. 126, 135 (E.D.N.Y. 2003) ("If a party cannot be joined because its presence would destroy diversity jurisdiction, then it is considered to be a party over which the plaintiff was 'unable to obtain jurisdiction.'").

In this case, Plaintiff, a citizen of Germany, could not join Hoarder, a Chinese company, without destroying diversity jurisdiction. <u>Universal Licensing Corp. v. Paola del Lungo S.p.A.</u>, 293 F.3d 579, 581 (2d Cir. 2002) ("[D]iversity is lacking . . . where on one side there are citizens and aliens and on the opposite side there are only aliens.").  Thus, he is unable to obtain personal jurisdiction over Hoarder in this action for the purposes of § 1601(1).  Therefore, the culpability of

3

Hoarder shall not be considered in apportioning liability in the event that damages for non-economic losses are assessed.

SO ORDERED.

Dated:   New York, New York
         September 24, 2007

                                                                       JOHN F. KEENAN
                                          United States District Judge

4