**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------x
MICHAEL SCHMELZER                        :
                Plaintiff,               :
       -against-                         :   1:05-cv-10307  (JFK)
                                         :   Memorandum Opinion &
HILTON HOTELS CORPORATION AND VALEO,     :   Order
INC.,                                    :
                Defendants.              :
-----------------------------------------x
```

**JOHN F. KEENAN, United States District Judge**:

      ized Plaintiff Michael Schmelzer seeks to offer evidence of prior accidents involving defendant Valeo, Inc.'s ("Valeo") product, the Burst Resistant Body Ball, in order to prove that Valeo had notice of a defect in its product and therefore should have taken reasonable steps to correct it. Valeo objects to such evidence on the grounds that (1) the prior accidents are irrelevant because Plaintiff has failed to show that they are substantially similar to his own accident and (2) the probative value of the prior accidents is substantially outweighed by the danger of unfair prejudice, confusion of the issues and misleading the jury. For the reasons stated below, the evidence of prior accidents is admissible.

      On the evening of October 7, 2005, Plaintiff was exercising at the gym located in the New York Hilton Hotel. Pretrial Order § I. The Valeo, Inc. 55cm Burst Resistant Body Ball that he was using burst, causing him to fall to the ground

and suffer a fractured and dislocated wrist that would require surgery. Id. §§ III.1-3.  Plaintiff alleges that the ball contained design and manufacturing defects and burst suddenly during its ordinary and intended use. Second Amended Complaint ¶¶ 10, 15-20.  He is suing defendant Hilton Hotels Corporation for negligence and Valeo for strict products liability, negligence, and breach of express and implied warranties.

At trial, Plaintiff intends to introduce evidence that Valeo had been informed of other incidents in which Valeo exercise balls burst and caused injury.  First, Plaintiff plans to call Virginia Kremer to testify that she sent a letter dated August 8, 2003 to the president of Valeo describing an incident in which a ball burst while Kremer was exercising on it. According to her letter, Kremer purchased a Valeo ball from a local sporting goods store for home use, choosing the Valeo brand based on its claim to be "burst resistant."  Kremer states in her letter that she inflated her ball to 29 inches in diameter, in accordance with Valeo's instructions.

Kremer's letter reports that the ball burst one night while she was "doing hip tilts," which she describes as sitting on the ball with her knees bent at a ninety degree angle and her feet on the ground, rolling her hips from side to side.  She claims to have been thrown backward into her fireplace, where she hit her back and head before landing on the floor.  Kremer, who was 53 years old at the time of writing the letter, claims to

have hurt her head and bruised her back and leg in the fall. She requested that Valeo pay her two thousand dollars as compensation for two days missed work and pain and suffering. She also requested a few free Valeo balls.

Plaintiff also plans to offer as an exhibit a Valeo document titled "Defective Product Form" dated February 26, 2004. The form states that an employee of a gym in Burlington, North Carolina contacted Valeo to report two incidents of Valeo balls bursting. In the first incident, a 55cm ball at the gym burst. The employee purchased another ball of the same size, thinking that perhaps the first ball burst because it had sat in the sun for some period of time. The second ball burst while a member of the gym was stretching on it with a dumbbell, causing the member to suffer a broken nose. The employee expressed concern to Valeo about the safety of its product. Valeo reportedly sent two 55cm and one 75cm ball to the gym as replacements, and "assured [the employee] its not an ongoing problem." According to the form, the employee was going to send one of the burst balls to Valeo for inspection along with a letter detailing the incident.

Plaintiff offers evidence of these prior accidents for the sole purpose of showing that Valeo had notice of a defect in its exercise balls. Notice is relevant to Plaintiff's negligence claim because whether Valeo acted with reasonable prudence depends upon what it knew or should have known at the time it acted or failed to act.

Proof of other accidents may be admitted for several purposes. In an action for injury caused by a defective product, evidence of other accidents involving the same product may be introduced to prove the dangerous or hazardous nature of the product, see, e.g., Cunningham v. Gans, 507 F.2d 496, 500 (2d Cir. 1974), and also to show that the defect caused the injury. See Stagl v. Delta Airlines, Inc., 52 F.3d 463, 474 (2d Cir. 1995) (prior injuries to passengers caused by other passengers at airport baggage carousel would tend to prove that airline's method of luggage retrieval was the proximate cause of plaintiff's injury). In addition, where negligence is alleged, proof of prior accidents may be admitted to show that the defendant had notice of a dangerous condition. See, e.g., Hecht Co. v. Jacobsen, 180 F.2d 13, 17 (D.C. Cir. 1950) (similar accident with escalator on a different floor years earlier gave the defendant notice of the need to replace the escalator with a safer model).

Before prior accidents may be admitted for any purpose, the proponent must establish their relevance by showing that they occurred under the same or substantially similar circumstances as the accident at issue. See Torbit v. Ryder System, Inc., 416 F.3d 898, 903 (8th Cir. 2005); Bitler v. A.O. Smith Corp., 391 F.3d 1114, 1126 (10th Cir. 2004); Barker v. Deere and Co., 60 F.3d 158, 162 (3rd Cir. 1995) (noting that every court of appeals that has considered the admissibility of prior accidents in products

liability cases has applied the substantial similarity standard). The degree of similarity required depends upon the purpose for which the prior accidents are offered. Courts have applied a relaxed standard where the prior accidents are offered only to show that the defendant had notice. See, e.g., Jackson v. Firestone Tire & Rubber Co., 788 F.2d 1070, 1083 (5th Cir. 1986). "Since all that is required is that the previous injury or injuries be such as to call defendant's attention to the dangerous situation that resulted in the litigated accident, the similarity in the circumstances of the accidents can be considerably less than that which is demanded when the same evidence is used for one of the other valid purposes." 1 McCormick On Evid. § 200 (6th ed. 2006).

In this case, the prior accidents offered are substantially similar enough in all material respects to Plaintiff's accident to have put Valeo on notice that its exercise balls, including the one used by Plaintiff, could malfunction in a particular manner and cause injury. In each accident, a Valeo "burst resistant" ball burst while supporting the weight of a person who was using it in its intended manner. The accidents allegedly occurred within approximately two years of one another. Like Plaintiff's ball, the exercise balls that burst in North Carolina were 55cm in size, although Kremer's ball seems to have been one of the larger sizes. The possible differences hypothesized by Valeo—the model of the balls and the

way they were manufactured—may diminish the weight of the prior accidents on the issue of notice but are not material enough to negate the prior accidents' relevance.

Valeo seeks to exclude the evidence of the prior accidents on the additional ground that it will cause unfair prejudice, confuse the issues, and mislead the jury.  In particular, Valeo claims that the jury may wrongly infer without proof that the prior accidents were caused by a manufacturing defect.  Valeo fears that the jury then may presume from the fact of the prior accidents alone the defectiveness of the ball that Plaintiff was using.

Federal Rule of Evidence 403 permits the exclusion of relevant evidence if its probative value is substantially outweighed by the risk of, <u>inter alia</u>, unfair prejudice, confusion of the issues and misleading the jury.  The Court finds that any risk of prejudice, confusion, or misleading caused by the introduction of the prior accidents will be mitigated by two factors.  First, the evidence will be accompanied by a limiting instruction that the prior accidents are admissible only to show that Valeo had notice that some of its exercise balls could burst during ordinary use and cause injury.  Second, cross-examination by Valeo's counsel will presumably highlight the different circumstances of the prior accidents in order to diminish the inference that they put Valeo on notice of any hazard with respect to the ball that Plaintiff was using.  This will reduce

the likelihood that the jury will draw from the fact of the prior accidents alone an impermissible inference that Plaintiff's exercise ball was defective. In any event, the Court finds that the probative value of the evidence outweighs any danger of prejudice, confusion of the issues or misleading of the jury.

Therefore, the evidence of prior accidents offered by Plaintiff may be admitted. However, certain restrictions flow from the admission of the evidence for the sole purpose of showing that Valeo had notice of a risk created by its product. The accidents are only relevant insofar as Valeo knew of them. Accordingly, Kremer's direct testimony will be limited to (1) authenticating her letter to Valeo and reading it to the jury and (2) describing any other communications that she had with Valeo about the accident. She may not testify about any details that were not communicated to Valeo. Second, the admission of the Defective Product Form is conditioned on a sufficient showing that it is in fact a record of Valeo made by one its employees, or that Valeo otherwise knew of it. The Court shall give a curative instruction notifying the jury of the limited purpose for which they may use the evidence of prior accidents.

SO ORDERED.

Dated:   New York, New York
         September 24, 2007

*/s/ John F. Keenan*
JOHN F. KEENAN
United States District Judge